## JOHN GAGGIN v. THOMAS E. BARNES.

**Bills and Notes—Want and Failure of Consideration.**

The appellee obligated himself to credit the note sued on with any funds belonging to the firm, which he had appropriated to his own use and had not charged himself with, or with which he had not been charged. The consideration was therefore a valuable one. If, at the time of the dissolution, appellant did not know that these funds had been used by appellee, he could not be presumed to have intended to release him from a responsibility he did not then know existed.

### APPEAL FROM MARION CIRCUIT COURT.

April 7, 1871.

OPINION BY JUDGE PETERS:

Prior to the 21st day of May, 1868, appellant and appellee was engaged as partners in the manufacture of jeans in the town of Lebanon. On that day appellee sold to appellant all his interest, being one-third, in the factory, lot on which it is situate, the water privileges, machinery, boiler, engine, fixtures, etc., attached thereto, all the manufactured goods, dyestuffs and manufactured materials on hand, all accounts, notes and debts due to said firm except debts due and owing by appellee, whether originally created by himself or assumed by him for others, and in consideration thereof appellant stipulated to surrender to appellee a note which he then held on him for goods sold to him; also another note which appellee had executed to him for a part of the consideration for the one-third interest in said property, which he purchased from appellant and son, and on which a small balance remained unpaid, to surrender all claim to debts which appellee owed said firm or to appellant individually, to furnish him 250 yards of good jeans, to apply all debts and liabilities of the firm and to pay appellee $5,000.00, one-half due and payable the first of January, 1869, and the residue due and payable the first of January, 1870, both installments to bear interest from the date of the dissolution and for which notes were given, and a mortgage on the property and also on a dwelling house and lot in Lebanon was executed by appellant to secure the payment of said notes; the terms of the dissolution

are set out in a writing filed as an exhibit. The note first due not having been fully paid, appellee instituted suit in equity thereon and sought to enforce payment by a foreclosure of the mortgage; a foreclosure was resisted by appellant and he claimed in his answer that in addition to the payments endorsed as credits on the note sued on he was entitled to a further credit of $637.38, the amount of funds belonging to the late firm which had been paid to appellee while he was a member thereof, and which with other sums paid to him he had entered on the cash book as received by him, and appropriated the amount aforesaid to his own use and had failed to charge himself therewith, all of which, he alleges, appears from the books of the firm, filed in the cause; that the misappropriation of these funds by appellee was not known to him when the contract for the dissolution was entered into, and when he discovered it afterwards he went to and told him that the books showed that the sum herein named, composed of various items he had appropriated to his own use and had improperly charged the same to the firm instead of charging himself therewith, and that he owed the firm said amount, of which he was not aware when the partnership was dissolved and consequently it was within the spirit of the contract and he never intended to release him from the payment of that debt, all of which appellee admitted, and on the third of September, 1868, executed a writing to him, which he filed as part of his answer, and by which appellee agreed that any money drawn by him on account of the factory, and not charged to him on the books, he would credit on said note as of the date of signing.

Appellee filed a reply to said answer, in which he admits the execution of the paper therein set up. States that he had credited appellant with the sum of $234.72, made up a part of the items for which the credit is claimed by appellant, and without a sufficient denial of the appropriation of the residue of the money, he attempted to evade the effect of said writing by alleging a want and a failure of consideration therefor.

On final hearing a credit was allowed appellant for the $234.72 admitted by appellee to be proper, and refused for the balance of the claim, and to correct that alleged error this appeal is prosecuted.

By an agreement of the parties the original book of the firm in which the entries referred to in the answer were made is brought up to this court and is to be considered a part of the record, all of the items for which appellant claims a credit are charged to the firm on said book, although many of the entries show that the money was drawn out by appellee; and he took the deposition of appellant, who proves that the several items set forth in his answer were proper charges against appellee, and for which he was entitled to a credit on the note sued on, and he explains the circumstances under which the writing of the third of September, 1868, was executed by appellee. Whether or not from the evidence in this case independent of that writing appellant should not have been credited by a larger sum than was allowed, we need not decide, as there can be no doubt that he thereby obligated himself to credit the note sued on with any funds belonging to the firm, which he has appropriated to his own use and had not charged himself with, or with which he had not been charged. The consideration therefor was a valuable one. It seems that at the time of the dissolution appellant did not know that these funds had been used by appellee, and he could not be presumed to have intended to release him from a responsibility he did not then know existed.

The judgment was therefore erroneous and must be reversed, and the court below will, after deducting $234.72, the sum which appellee did credit appellant with from $637.38, the amount claimed by him, leaving $402.66, the two-thirds of that sum being two hundred and sixty-eight and fourty-four one hundredths dollars ($268.44) must be credited on the note sued on, as of the date of the note. In other words appellant should be credited by $269.44 more than he was allowed in the judgment, and the judgment is on that account reversed and the cause remanded with directions to enter the credit aforesaid and for further proceedings consistent herewith.

*Lindsay, Roundtree & Fogle, for appellant.*

*Noble, for appellee.*